UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DOMONIC GRUNSTAD; KYLE KURIATNYK; BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP; ASSESSMENT MANAGEMENT SERVICES; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-00125-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Remand (ECF No. 7) filed by Plaintiff Augusta Investment Management, LLC ("Plaintiff"). Defendant Bank of America, N.A. ("BOA") filed a Response (ECF No. 10).

**I.   BACKGROUND**

This action concerns the impact of a foreclosure sale on certain real property located at 9164 Conquest Court, Las Vegas, NV 89149 (the "Property") under a lien for homeowner's association ("HOA") assessments. *See generally* (Compl., ECF No. 1-2). Plaintiff purchased the Property on November 6, 2014 pursuant to the foreclosure of the HOA lien and contends that the sale extinguished BOA's prior deed of trust on the property under Nevada state law. (*Id.* at ¶¶ 1, 18–34); *see also SFR Investments Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, at *1 (2014) (holding that an HOA's foreclosure of its super-priority lien under § 116.3116

extinguishes a first deed of trust). Plaintiff initiated the present action by filing its Complaint in state court on December 15, 2014, seeking to quiet title against both BOA and the former owners of the Property, Defendants Domonic Grunstad and Kyle Kuriatnyk.[1] (*Id.* at ¶¶ 37–57). BOA removed the case to this Court on January 22, 2015 (ECF No. 1). Plaintiff subsequently filed the current pending Motion to Remand, asserting that this Court lacks subject matter jurisdiction over this action.

## II.  **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## III.  **DISCUSSION**

BOA asserts that this Court has jurisdiction over the present action pursuant to both diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331. (Not. of Removal at ¶¶ 3–4, ECF No. 1). For the reasons discussed below, the Court finds that it holds diversity jurisdiction over this case. Therefore, it is unnecessarily to determine whether this action arises under federal law.

In its Notice of Removal, BOA asserts that the amount in controversy is met and that complete diversity exists among the parties. (*Id.*). Specifically, BOA asserts that the amount at issue is $221,523.00, that it is a citizen of North Carolina, and that Plaintiff is a citizen of

---

[1] As of the date of this Order, Defendants Grunstad and Kuriatnyk have not appeared in the litigation, and Defendant Grunstad has not been served.

Nevada. (*Id.* at ¶ 3). BOA further asserts that the citizenship of Defendants Grunstad and Kuriatnyk—which appears to be Nevada—may be ignored because they claim no interest in the Property and have been fraudulently joined. (*Id.*). In their Motion to Remand, Plaintiff does not dispute that the amount in controversy is sufficient for diversity jurisdiction. *See* (Mot. to Remand, ECF No. 7). Instead, Plaintiff argues that Defendants Grunstad and Kuriatnyk have not been fraudulently joined, and therefore, their presence in this lawsuit destroys complete diversity. (Mot. to Remand 2:13–6:21, ECF No. 7).

An exception to complete diversity exists where a non-diverse defendant has been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.*

Here, Defendants Grunstad and Kuriatnyk have been fraudulently joined. Plaintiff obtained title to the Property pursuant to a foreclosure sale under Chapter 116 of the Nevada Revised Statute following Defendants Grunstad's and Kuriatnyk's failure to pay HOA assessments. Nevada Revised Statute § 116.31166(3) states that the "sale of a unit pursuant to NRS §§ 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption." Plaintiff's Complaint affirmatively states that it properly complied with all the requirements of Nevada Revised Statute § 116 and that the foreclosure was lawful and proper. (Compl. at ¶¶ 17–34, ECF No. 1-2). The Complaint also fails to allege that Defendants Grunstad and Kuriatnyk are asserting, or have even threatened to assert, any interest or rights in the property. (*Id.*). Finally, the statutory period of time for Defendants Grunstad and Kuriatnyk to challenge the foreclosure, which could be 90 or 120 days depending on the circumstances, has expired. Accordingly, because Plaintiff's foreclosure

pursuant to NRS § 116 extinguished any rights and interests Defendants Grunstad and Kuriatnyk may have had in the Property, and Defendants Grunstad and Kuriatnyk are not asserting any adverse interest to the Property, Plaintiff has no claim for quiet title against them. *See Kemberling v. Ocwen Loan Servicing, LLC*, No. 2:09-CV-00567-RCJ-LRL, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009) ("A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property.") (citing *Union Mill v. Mining Co. v. Warren*, 82 F. 519, 520 (C.C.D. Nev. 1897).  Therefore, the Court finds that Defendants Grunstad and Kuriatnyk are fraudulently joined and their presence will be ignored for the purpose of determining diversity jurisdiction in this matter. *See LN Mgmt. LLC Series 5664 Divot v. Dansker*, No. 2:13-CV-1420-RCJ-GWF, 2013 WL 6174679, at *4 (D. Nev. Nov. 19, 2013) (finding that a prior homeowner whose property was sold at an HOA foreclosure was fraudulently joined to a quiet title action when the prior homeowner was not asserting any claim to the title); *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-cv-544-JCM-VCF, 2013 WL 2296313, at *2–3 (D. Nev. May 24, 2013) (same).

Because the amount in controversy exceeds $75,000 and diversity exists among all parties who have not been fraudulently joined, this Court has jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**.

**DATED** this 13th day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge