UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC,<br><br>           Plaintiff,<br>   vs.<br><br>DOMONIC GRUNSTAD, et al.,<br><br>           Defendants. | Case No.: 2:15-cv-00125-GMN-NJK<br><br>**ORDER** |

     Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant Carrington Mortgage Service, LLC ("Carrington"). Plaintiff Augusta Investment Management, LLC ("Plaintiff") filed a Response (ECF No. 16), and Carrington filed a Reply (ECF No. 17). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

     This action involves a dispute over property that was subject to a homeowners' association "super-priority" lien for delinquent assessment fees. (*See* Compl., ECF No. 1-2). On April 4, 2008, Defendants Domonic Grunstad and Kyle Kuriatnyk[1] executed a Deed of Trust on their property located at 9164 Conquest Court, Las Vegas, Nevada (the "Property"). (*Id.* ¶¶ 1, 12). The Deed of Trust listed Taylor, Bean & Whitaker Mortage Corp. ("TB&W") as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (*Id.* ¶ 12; Deed of Trust, ECF No. 1-5). The Loan was also federally insured by the Department of Housing and Urban Development ("HUD") through the Federal Housing Administration ("FHA") insurance program. (*See* Deed of Trust).

---

[1] On March 25, 2015, the Clerk of Court entered default (ECF No. 14) against Defendant Kuriatnyk for failure to make an appearance in this case. As of the date of this Order, Defendant Grunstad has not been served nor has he made an appearance.

On March 1, 2013, Assessment Management Services ("AMS") filed a Notice of Delinquent Assessment Lien on the Property on behalf of the Tapestry at Town Center Homeowners' Association ("HOA"). (Compl. ¶ 22). On April 15, 2014, AMS filed a Notice of Default and Election to Sell under the HOA lien. (*Id.* ¶ 23). AMS then filed a Notice of Intent to Foreclose on the Property. (*Id.* ¶ 24). On November 6, 2014, AMS foreclosed on the HOA lien, selling the Property to Plaintiff. (*Id.* ¶¶ 24, 27).

On October 17, 2011, TB&W assigned the Deed of Trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BOA"). (Compl. ¶ 16). On January 21, 2015, BOA assigned the Deed of Trust to Carrington. (Mot. for Substitution 2:15, ECF No. 8).

Plaintiff initiated the present action by filing its Complaint in state court on December 15, 2014, seeking to quiet title against both BOA and the former owners of the Property, Defendants Grunstad and Kuriatnyk. (Compl. ¶¶ 53–57). Plaintiff later agreed to substitute Carrington, assignee to the Deed of Trust, as a named defendant in place of BOA. (Non-Opp'n to Mot. to Substitute, ECF No. 11; *see also* Order, ECF No. 12). Plaintiff alleges that Carrington and its predecessors' interests in the property were extinguished by the HOA foreclosure sale pursuant to Nevada Revised Statutes § 116.3116. (*Id.* at ¶¶ 1, 18–34); *see also SFR Invs. Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, at *1 (2014) (holding that an HOA's foreclosure of its super-priority lien under § 116.3116 extinguishes a first deed of trust).

On January 22, 2015, former Defendant BOA removed the case to this Court. (ECF No. 1). Carrington subsequently filed the presently pending Motion to Dismiss, asserting that Plaintiff cannot prove good title in itself because the HOA sale was invalid. (MTD 4:2–5, ECF No. 15).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III.   DISCUSSION

The underlying issue here is whether pursuant to Nevada Revised Statutes § 116.3116, HOA's November 6, 2014 foreclosure on the Property extinguished TB&W and its successors' first security interest. Carrington argues that "[b]ecause the loan [on the Property] is guaranteed by the United States Government [through the FHA insurance program], the HOA's non-judicial foreclosure under NRS 116.3116 violate[d] the Supremacy Clause." (MTD 5:4–6, ECF No. 15). As a result, "the HOA sale [was] invalid . . . and Plaintiff cannot quiet its title to the property." (*Id.*).

The Court has previously addressed Carrington's argument in a case with almost identical facts. *See Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565 (D. Nev. Sept. 25, 2014). In *Washington & Sandhill*, the Court described "the FHA insurance program[ in which] mortgagees must take action within a limited time after a default and, if they purchase the property at the foreclosure, mortgagees must then convey title to HUD." *Id.* at *6; *see also Sec. of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 973–74 (C.D. Cal. 2000). The Court went on to find that

> in situations where a mortgage is insured by a federal agency under the FHA insurance program, state laws cannot operate to undermine the federal agency's ability to obtain title after foreclosure and resell the property. Accordingly, even though HOA would generally be able to conduct a foreclosure pursuant to Nevada Revised Statutes § 116.3116 that would extinguish a first secured interest, such a foreclosure in this case "would operate[] to impede or condition the implementation of federal policies and programs" and therefore "must yield under the supremacy clause of the Constitution to the interests of the federal government."

*Id.* (quoting *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979)).[2]

In this case, Plaintiff alleges that HOA's November 6, 2014 foreclosure extinguished the first Deed of Trust on the federally-insured Property. (Compl. ¶ 53). However, "[b]ecause a homeowners association's foreclosure under Nevada Revised Statutes § 116.3116 on a Property with a mortgage insured under the FHA insurance program would have the effect of limiting the effectiveness of the remedies available to the United States, the Supremacy Clause bars

---

[2] Although HUD held a present interest in the property at issue in *Washington & Sandhill*, HUD did not acquire its interest until after the HOA foreclosure sale. *Washington & Sandhill*, 2014 WL 4798565, at *1–2 ("[Mortgagee] conveyed title to the Property by grant deed to HUD on May 17, 2013[, and] . . . HOA . . . purchased the Property at a foreclosure sale . . . on May 23, 2012."). Accordingly, the result in *Washington & Sandhill* would have remained the same regardless of whether HUD's interest in the disputed property was a present interest or a future interest.

such foreclosure sales." *Washington & Sandhill*, 2014 WL 4798565, at *7.  Therefore, HOA's foreclosure was invalid under the United States Constitution.  Accordingly, HOA's claims for quiet title—which are premised on this foreclosure's extinguishment of the FHA insured mortgage interest—must be dismissed.

Plaintiff suggests that this case does not implicate any federal interests because "FHA insurance is likely not even triggered by the homeowners [sic] association sale." (Resp. 6:20, ECF No. 16).  Further, Plaintiff instructs the Court to "determine whether HUD would pay on this claim of a private mortgage corporation failing to make a[n HOA] lien payment." (*Id.* 9:8–9).  Indeed, if HUD's future interest in the Property was barred at the time of HOA's foreclosure sale because the FHA insurance policy had already terminated, then the Supremacy Clause analysis would not apply.  However, Plaintiff does not cite to any case law, statute, or regulation in support of its theory that an exception to HUD's future interest in the Property might exist, and the Court is not required to do this legal analysis for Plaintiff. *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").  Because Plaintiff has failed to allege that any exception to HUD's future interest in the Property exists, Defendant's Motion to Dismiss is granted.

However, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *Forman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, the Court denies leave to amend only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655,

658 (9th Cir. 1992).  Further, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Because amending Plaintiff's Complaint to allege an exception to HUD's future interest in the Property would resolve the deficiencies in Plaintiff's Complaint, the Court finds that amendment would not be futile.  Therefore, Plaintiff's Complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint curing this defect. Plaintiff shall file an amended complaint within twenty-one days of the date of this Order explaining the basis of any alleged exceptions to HUD's future interest.  Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims against Defendants with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1-2) is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claim with prejudice.

**DATED** this __10__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge