John P. Aldrich, Esq.
Nevada Bar No. 6877
Stephanie Cooper, Esq.
Nevada Bar No. 5919
**ALDRICH LAW FIRM, LTD.**
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
Tel (702) 853-5490
Fax (702) 227-1975
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT, a federal government agency; CARRINGTON MORTGAGE SERVICES, LLC; SABLES LLC, DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00125-GMN-NJK<br><br>**AMENDED COMPLAINT** |

COMES NOW, Plaintiff AUGUSTA INVESTMENT MANAGEMENT, LLC ("Plaintiff"), by and through its attorneys of record, John P. Aldrich, Esq. and Stephanie Cooper, Esq. of the Aldrich Law Firm, Ltd., and hereby files this Amended Complaint against Defendants SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD"); CARRINGTON MORTGAGE SERVICES, LLC ("Carrington"); SABLES, LLC (the "Foreclosure Trustee"); DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive as follows:

**JURISDICTION**

1. This case is a declaratory judgment action for quiet title that involves a disputed title to real property in which the United States may claim an interest. This Court has jurisdiction under 28 U.S.C. § 1331.

2. The United States has consented to suit under the Quiet Title Act under 28 U.S.C. § 2409a(a) which permits jurisdiction where there is a disputed title to real property in which the United States claims an interest.

## PARTIES

3. Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

4. At all times relevant to this matter, Plaintiff AUGUSTA INVESTMENT MANAGEMENT, LLC ("Plaintiff") was and is a Nevada limited liability company, and present record owner of the Property as of a deed recorded after an HOA Foreclosure Sale on or about November 6, 2014.

5. Upon information and belief, Defendant SECRETARY OF HOUSING AND URBAN DEVELOPMENT ("HUD"), was and is a federal governmental agency.

6. Upon information and belief, Defendant CARRINGTON MORTGAGE SERVICES, LLC ("Carrington") is an entity, which took assignment of a Deed of Trust originated on April 4, 2008 by Taylor, Bean and Whitaker associated with real property located at 9164 Conquest Court, Las Vegas, NV 89149 (the "Property"). The assignment was recorded with the Clark County Recorder's Office on January 29, 2014.

7. Upon information and belief, Defendant SABLES LLC ("Sables") is a Nevada limited liability company and acted as foreclosure trustee for the HOA Foreclosure Sale at issue in this matter.

8. The true names and capacities, whether individual corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive, and ROE CORPORATIONS 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes, and upon such, alleges that each of the Defendants designated as DOES or ROE CORPORATIONS assert an interest in the Property adverse to Plaintiff. Said DOES and ROE CORPORATIONS are parties unknown to Plaintiff, who claim an ownership interest, security

interest or lienhold interest in the Property. Plaintiff asks leave of this Court to amend this Complaint to insert the true names and capacities of said DOES 1 through 20, inclusive, and ROE CORPORATIONS 1 through 20, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join these Defendants in this action.

## GENERAL ALLEGATIONS

9. Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

10. This is a quiet title lawsuit involves real property situated in Clark County, Nevada located at 9164 Conquest Court, Las Vegas, NV 89149, and identified by the Clark County Assessor as APN: 125-17-310-077 (the "Property"). The Property consists of real property and a single family home.

11. The Property is subject to certain Covenants, Conditions and Restrictions ("CC&Rs") for the development known as Astoria at Town Center. Plaintiff believes and therefore alleges that the CC&Rs were recorded in the Official Records of the Clark County Recorder in 2004.

12. The Property is also subject to rules and regulations of the Tapestry at Town Center Homeowners Association (the "HOA").

13. Plaintiff is informed and believes that the former homeowners, Dominic Grunstad and Kyle Kuriatnyk, acquired the Property on or about February 8, 2008. Upon their acquisition of the Property in 2008, Grunstad and Kuriatnyk, became members of the HOA and accordingly, had an obligation to pay HOA assessments.

14. Plaintiff believes and therefore alleges that in 2008, Grunstad and Kuriatnyk obtained a loan for the purchase of the Property from Taylor, Bean & Whitaker Mortgage Corp. ("TB&W"). Plaintiff is informed and believes and therefore alleges that a deed of trust was recorded on April 4, 2008, in the Official Records of the Clark County Recorder (the "First Deed of Trust").

15. Plaintiff believes that TB&W subsequently transferred its interest in the First Deed of Trust to Bank of America, N.A., Successor by Merger to Bac Home Loans Servicing, LP fka

Countrywide Home Loans Servicing, LP ("Bank of America"). An Assignment of First Deed of Trust from TB&W to Bank of America was recorded on October 17, 2011. An assignment from Bank of America to Defendant Carrington was recorded on January 29, 2015, after the HOA Foreclosure Sale.

16. Plaintiff believes and therefore alleges that prior to the HOA sale, Grunstad and Kuriatnyk failed to pay monthly HOA assessments required by the CC&Rs and the HOA rules and regulations in connections with the budgets adopted by the HOA.

17. The HOA had a statutory lien for assessments levied against the Property (the "HOA Lien").

18. The HOA Lien was junior and subordinate to real estate taxes or other governmental assessments.

19. The HOA Lien was senior to and had priority over and all liens and encumbrances junior to the First Deed of Trust.

20. A portion of the HOA Lien was senior to and had super priority over the First Deed of Trust.

21. Plaintiff is informed and believes that the HOA took action to foreclose on the HOA Lien. On or about March 1, 2013, the HOA's agent, Assessment Management Services, recorded a Notice of Claim of Amended Delinquent Assessment Lien for the Property in the Official Records of the County Recorder, and mailed a copy of the same to Grunstad and Kuriatnyk.

22. Plaintiff is informed and believes that on or about April 15, 2014, the HOA caused its agent, Assessment Management Services, to record a Notice of Default and Election to Sell Under Homeowners Association Lien, which put Grunstad and Kuriatnyk and all interested parties on notice that the HOA assessments had not been paid for the past thirteen (13) months and failure to cure the delinquency would result in the sale of the Property to satisfy the HOA Assessment Lien. Plaintiff believes and therefore alleges that Assessment Management Services, in compliance with NRS 116.3116, et seq. served a copy of the same upon those statutorily entitled to notice.

23. The delinquent HOA Assessment Lien was not paid.

24. A Notice of Foreclosure Sale was recorded in the Official Records of the Clark County Recorder on October 15, 2014. Plaintiff is informed and believes that said Notice of Foreclosure Sale scheduled the Foreclosure Sale for November 6, 2014, and afforded notice that the Property would be sold at public auction to the highest cash bidder in satisfaction of the HOA Lien (including without limitation the super priority portion of the HOA Lien). Plaintiff believes and therefore alleges that Assessment Management Services published, posted and served a copy of the Notice of Foreclosure Sale upon Grunstad and Kuriatnyk and record holders of recorded security interests.

25. Plaintiff believes and therefore alleges that Bank of America had actual notice that HOA Assessments for the Property were delinquent.

26. Plaintiff believes and therefore alleges that Bank of America had actual notice of the foreclosure proceedings and the HOA Foreclosure Sale.

27. The HOA Foreclosure Sale took place on November 6, 2014. Prior to the HOA Foreclosure Sale, neither the HOA nor its agents received payment for the HOA Lien or any portion thereof.

28. As a result, the Property was sold at public auction to the highest cash bidder on November 6, 2014.

29. Plaintiff was the highest cash bidder at the HOA Foreclosure Sale.

30. A foreclosure deed was subsequently executed and delivered to Plaintiff, providing recitals that Assessment Management Services complied with all requirements of law applicable to mailing copies of the notices and posting/publishing the notice of HOA Lien Foreclosure Sale ("Foreclosure Deed"). The Foreclosure Deed was recorded against the property on November 18, 2014.

31. Plaintiff acquired the Property free and clear of any interests of Grunstad and Kuriatnyk, any DOES and ROE CORPORATIONS, claiming an ownership interest in the Property.

32. Plaintiff acquired the Property free and clear of any interests claimed by Bank of America, Defendant Carrington, Defendant HUD, or any trustee (including the Foreclosure Trustee)

or beneficiary or other DOES or ROE CORPORATIONS, claiming an interest under the First Deed of Trust.

33. Plaintiff acquired the Property free and clear of any interests claimed by DOES and ROE CORPORATIONS, claiming an interest under a lien subordinate to the First Deed of Trust.

34. Upon information and belief, prior to the HOA Foreclosure Sale, Defendant Carrington, or its predecessors, had not assigned the First Deed of Trust to HUD, the Federal National Mortgage Association ("FNMA"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), any organization under conservatorship of the Federal Home Finance Agency ("FHFA") or Federal Deposit Insurance Company ("FDIC") or any governmental agency or instrumentality.

35. Upon information and belief, at the time of the HOA Foreclosure Sale, neither the United States nor any of its agencies or instrumentalities possessed or had an absolute vested future interest in the First Deed of Trust or the Property.

36. Defendant Carrington, nor its predecessors, have not made a claim to Defendant HUD for any losses associated with the Property at issue in this action.

37. Defendant HUD has not paid any claim for any losses associated with the HOA Foreclosure Sale at issue in this action.

38. At the time of the HOA Foreclosure Sale, Defendant Carrington was not the beneficiary of record for the First Deed of Trust for the Property.

39. Defendant Carrington's, and its predecessors', interest in the Property were extinguished by the HOA Foreclosure Sale.

40. At no time relevant to this action has Defendant HUD possessed an interest in the Property.

41. Defendant HUD's interest in the Property, if any, is a contractual liability and not a real property interest.

42. Defendant HUD is not contractually obligated to pay a claim to Defendant Carrington, or its predecessors, because Defendant Carrington, or its predecessors, failed to properly service the

mortgage (Deed of Trust) by failing to pay HOA assessments which resulted in the HOA Foreclosure Sale of the Property under state law.

43. Defendant Carrington, or its predecessors, have never conveyed the Property to Defendant HUD.

44. Without the ability to convey a secured interest, Defendant Carrington may not make a claim for insurance to Defendant HUD on the Property.

45. Defendant HUD is discharged from its obligation to Defendant Carrington, or its predecessors, under 24 CFR 203 et seq. including, but not limited to 24 CFR 204.315, which states in pertinent part that the contract of insurance is terminated when "the property is bid in and acquired at a foreclosure sale by a party other than the mortgagee".

46. Defendant HUD has not provided to Defendant Carrington, or its predecessors, approval in writing that Defendant Carrington, or its predecessors, may convey the Property to Defendant HUD.

47. At no time relevant to this action has Defendant HUD accepted a conveyance of the Property.

48. At no time relevant to this action, has Defendant HUD paid insurance benefits pursuant to 12 U.S.C. 1710 for the Property.

49. At no time relevant to this action has the Property been assigned to Defendant HUD.

50. At no time relevant to this action has Defendant HUD suffered a loss as a result of the HOA Foreclosure Sale of The Property.

51. Plaintiff is informed and believes that Bank of America or its predecessors, TB&W, commenced foreclosure under the First Deed of Trust after the HOA Foreclosure Sale.

52. On August 25, 2015, a Foreclosure Trustee, Sables recorded (or caused the recordation of) a Notice of Default under the First Deed of Trust in the Official Records of the Clark County Recorder. Plaintiff acquired a stipulation for a preliminary injunction on September 30, 2015 and filed a bond. Despite the preliminary injunction order of October 14, 2015, Sables on behalf of Defendant Carrington filed a Certificate of Foreclosure Mediation on December 10, 2015.

53. As a result of the adverse interests, it has become necessary for Plaintiff to retain legal counsel to protect its interest in the Property and this Court to determine the respective interests of the parties.

**FIRST CAUSE OF ACTION**
**QUIET TITLE/DECLARATORY RELIEF**
**(NRS 40.010, NRS 30.010 and NRS 116.3116, et seq.)**

54. Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

55. This Court has the power and authority to declare Plaintiff's rights and interests in the Property and the power and authority to resolve all adverse claims in the Property.

56. This Court has the power and authority to enjoin the Foreclosure Trustee, Defendant Carrington, and their agents from clouding Plaintiff's title by the recording of notices and the holding of a trustee's sale.

57. The Property is, and was at all times relevant hereto, subject to the CC&Rs and rules and regulations of the HOA.

58. NRS 116 regarding foreclosures of delinquent homeowner's association assessments, priority of lienholders was adopted prior to the acquisition of any interest in the real property which is a party to this lawsuit. The CC&Rs were recorded prior to Grunstad and Kuriatnyk's acquisition of the Property and prior to Defendant Carrington and Defendant HUD's interest, if any.

59. Plaintiff is entitled to a declaratory judgment finding that the HOA had a valid lien against the Property (defined herein as the HOA Lien).

60. Plaintiff is entitled to a declaratory judgment finding that the HOA had the right to foreclose on the HOA Lien if Grunstad and Kuriatnyk failed to pay monthly assessments and failed to cure the default following recordation and mailing (and where applicable posting, and publishing) of a Notice of Delinquent Assessment, Notice of Default and Election to Sell, and Notice of Sale.

61. Plaintiff is entitled to a declaratory judgment finding that the HOA Lien had priority over all liens recorded against the Property after recordation of the CC&Rs, except for liens associated with real estate taxes or other governmental assessments (if any).

62. Plaintiff is entitled to a declaratory judgment finding that a portion of the HOA Lien had priority over the First Deed of Trust.

63. Plaintiff is entitled to a declaratory judgment finding that foreclosure of the super priority portion of the HOA Lien extinguished the First Deed of Trust.

64. Plaintiff is entitled to a declaratory judgment finding that the HOA Lien had priority over all liens of DOES and ROE CORPORATIONS junior to the First Deed of Trust. Plaintiff is entitled to a declaratory judgment finding that foreclosure of the HOA Lien extinguished these liens.

65. Plaintiff is entitled to a declaratory judgment finding that they acquired the Property at the HOA Foreclosure Sale on November 6, 2014.

66. Plaintiff is entitled to a declaratory judgment finding that the Foreclosure Deed recorded in favor of Plaintiff, providing recitals by Assessment Management Services, complied with all noticing requirements for the HOA Foreclosure Sale.

67. Plaintiff is entitled to a declaratory judgment finding that the foreclosure of the HOA Lien divested Grunstad and Kuriatnyk, and DOES 1 through 20 of their ownership interest.

68. Plaintiff is entitled to a declaratory judgment finding that Plaintiff acquired the Property free and clear of any rights and interests of said Defendants.

69. Therefore, if Defendant HUD does not disclaim its interest in the Property, Plaintiff is entitled to a declaratory judgment finding that Defendant HUD does not have an interest in the Property and that the title be quieted in the name of Plaintiff.

70. Plaintiff has been required to hire counsel in order to prosecute these claims.

**SECOND CAUSE OF ACTION**
**INJUNCTIVE RELIEF**

71. Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

72. That there is a substantial likelihood of success on the merits of the case by Plaintiff.

73. That Plaintiff faces a substantial threat of irreparable damage or injury if the injunction is not granted.

74. The threat is immediate or imminent based on the recording of the Notice of Default and subsequent recording of a foreclosure mediation certificate,

75. That the balance of harms weighs in favor of the party seeking the preliminary injunction.

76. There is no other available remedy which would prevent the harm to Plaintiff and maintain the status quo.

77. Plaintiff is entitled to the entry of a permanent injunction enjoining Defendants Carrington and Sables, the Foreclosure Trustee, and their predecessors, agents and assigns from conducting the trustee's sale under the extinguished First Deed of Trust.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a Judgment declaring that the HOA Lien was valid and enforceable.

2. For a Judgment declaring that the HOA had the right to foreclosure on the HOA Lien.

3. For a Judgment declaring that the HOA Lien was junior and subordinate to real estate taxes or other governmental assessments.

4. For a Judgment declaring that the HOA Lien had priority over all liens junior to the First Deed of Trust recorded in favor of DOES 1 through 20 or ROE CORPORATIONS 1 through 20.

5. For a Judgment declaring that a portion of the HOA Lien had priority over the First Deed of Trust and thereby extinguished the same.

6. For a Judgment declaring that foreclosure of the super priority portion of the HOA Lien extinguished the First Deed of Trust, and foreclosure of the HOA Lien extinguished and liens of DOES 1 through 20 or ROE CORPORATIONS 1 through 20 subordinate to the First Deed of Trust.

7. For a Judgment declaring that foreclosure of the HOA Lien divested Defendants Grunstad and Kuriatnyk of their ownership interest in the Property as well as all unknown parties named herein as DOES 1 through 20 and ROE CORPORATIONS 1 through 20.

8.  For a Judgment declaring that Plaintiff acquired the Property at the Foreclosure Sale free and clear of any interest by Defendant HUD.

9.  For a Judgment entering an injunction against Defendants Carrington, Sables, their Foreclosure Trustee, their predecessors, agents and representatives, enjoining the trustee's sale and preventing foreclosure under the First Deed of Trust.

10. For a Declaratory Judgment, quieting title to the Property in favor of Plaintiff and against Grunstad and Kuriatnyk, Defendants Carrington, Sables, HUD, DOES 1 through 20 and ROE CORPORATIONS 1 through 20, finding that Plaintiff is the owner of the Property free and clear of each Defendants' rights and interests in the Property.

11. For a Permanent Injunction enjoining Defendants Carrington and Sables, the Foreclosure Trustee, and their predecessors, agents and assigns from conducting the trustee's sale under the extinguished First Deed of Trust.

12. For reasonable attorneys' fees and costs incurred in bringing this action.

13. For such other and further relief as this Court deems just and proper.

Dated this 18th day of March, 2016.

**ALDRICH LAW FIRM, LTD.**

/s/ Gary S. Fink (SBN 8064)
John P. Aldrich, Esq.
Nevada Bar No. 6877
Stephanie Cooper, Esq.
Nevada Bar No. 5919
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
Tel (702) 853-5490
Fax (702) 227-1975
*Attorney for Plaintiff*