1  **COLT B. DODRILL, ESQ.**
   **Nevada Bar No. 9000**
2  **RICHARD G. VERLANDER, ESQ.**
   **Nevada Bar No. 12887**
3  **WOLFE & WYMAN LLP**
   **6757 Spencer Street**
4  **Las Vegas, NV  89119**
   **Tel: (702) 476-0100**
5  **Fax: (702) 476-0101**
   **cbdodrill@wolfewyman.com**
6  **rgverlander@wolfewyman.com**

7  Attorneys for Defendant
   **CARRINGTON MORTGAGE**
8  **SERVICES, LLC**

9                  **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11 | AUGUSTA INVESTMENT MANAGEMENT, LLC | CASE NO:  2:15-cv-00125-GMN-NJK |

12 |                Plaintiff,          | **DEFENDANT CARRINGTON** |
                                          **MORTGAGE SERVICES, LLC'S**
13 |   v.                               | **ANSWER TO PLAINTIFF AUGUSTA** |
                                          **INVESTMENT MANAGEMENT, LLC'S**
14 | SECRETARY OF HOUSING AND URBAN     | **FIRST AMENDED COMPLAINT** |
   | DEVELOPMENT, a federal government agency;
15 | CARRINGTON MORTGAGE SERVICES, LLC;
   | SABLES LLC, DOES 1 through 20, inclusive; and
16 | ROE CORPORATIONS 1 through 20, inclusive,

17 |                Defendants.

18

19        Defendant CARRINGTON MORTGAGE SERVICES, LLC ("Carrington"), by and through

20 its counsel of record, WOLFE & WYMAN LLP, hereby answers the First Amended Complaint of

21 Plaintiff AUGUSTA INVESTMENT MANAGEMENT, LLC, as follows.

22                              **<u>JURISDICTION</u>**

23        1.      In Answering paragraph 1 of the Amended Complaint, Carrington admits only that

24 this Court has jurisdiction over this quiet title action.  Carrington denies the remainder of the

25 allegations therein.

26        2.      The allegations of paragraph 2 constitute a conclusion of law to which no response is

27 required.  To the extent a response is required, Carrington denies them.

28

                                          1

**PARTIES**

3.     Carrington repeats and realleges its responses to paragraphs 1 through 2 above, and incorporates them by reference as though fully stated herein.

4.     Carrington is without sufficient knowledge to answer the allegations of paragraph 4 of the Amended Complaint, and on that basis denies them.

5.     Carrington is without sufficient knowledge to answer the allegations of paragraph 5 of the Amended Complaint, and on that basis denies them.

6.     Carrington admits the allegations of Paragraph 6 Amended Complaint.

7.     Carrington denies the allegations of Paragraph 7 Amended Complaint.

8.     The allegations of paragraph 8 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

**GENERAL ALLEGATIONS**

9.     Carrington repeats and realleges its responses to paragraphs 1 through 8 above, and incorporates them by reference as though fully stated herein.

10.     Carrington admits the allegations of Paragraph 10 Amended Complaint.

11.     In answering paragraph 11 of the Amended Complaint, Carrington admits only that the CC&R's speak for themselves.  Carrington denies the remainder of the allegations therein.

12.     Carrington is without sufficient knowledge to answer the allegations of paragraph 12 of the Amended Complaint, and on that basis denies them.

13.     Carrington is without sufficient knowledge to answer the allegations of paragraph 13 of the Amended Complaint, and on that basis denies them.

14.     In answering paragraph 14 of the Amended Complaint, Carrington admits only that the DOT speaks for itself.  Carrington denies the remainder of the allegations therein.

15.     In answering paragraph 15 of the Amended Complaint, Carrington admits only that the Assignment speaks for itself.  Carrington is without sufficient knowledge to answer the remainder of the allegations of paragraph 15 of the Amended Complaint, and on that basis denies them.

16.     Carrington is without sufficient knowledge to answer the allegations of paragraph 16

2434050.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

of the Amended Complaint, and on that basis denies them.

17.     The allegations of paragraph 17 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

18.     The allegations of paragraph 18 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

19.     The allegations of paragraph 19 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

20.     The allegations of paragraph 20 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

21.     In answering paragraph 21 of the Amended Complaint, Carrington admits only that the Notice of Claim of Amended delinquent Assessment Lien speaks for itself.  Carrington is without sufficient knowledge to answer the remainder of the allegations of paragraph 21 of the Amended Complaint, and on that basis denies them.

22.     In answering paragraph 22 of the Amended Complaint, Carrington admits only that the Notice of Default and Election to Sell Under Homeowners Association Lien speaks for itself.  Carrington is without sufficient knowledge to answer the remainder of the allegations of paragraph 22 of the Amended Complaint, and on that basis denies them.

23.     Carrington is without sufficient knowledge to answer the allegations of paragraph 23 of the Amended Complaint, and on that basis denies them.

24.     In Answering paragraph 24 of the Amended Complaint, Carrington admits only that the Notice of Foreclosure Sale speaks for itself.  Carrington denies the remainder of the allegations therein.

25.     Carrington admits the allegations of Paragraph 25 of the Amended Complaint.

26.     Carrington admits the allegations of Paragraph 26 of the Amended Complaint.

27.     Carrington denies the allegations of Paragraph 27 of the Amended Complaint.

28.     Carrington is without sufficient knowledge to answer the allegations of paragraph 28 of the Amended Complaint, and on that basis denies them.

29.     Carrington is without sufficient knowledge to answer the allegations of paragraph 29

2434050.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
w&w

1  of the Amended Complaint, and on that basis denies them.

2      30.   In Answering paragraph 30 of the Amended Complaint, Carrington admits only that

3  the Foreclosure Deed speaks for itself.  Carrington denies the remainder of the allegations therein.

4      31.   Carrington denies the allegations of Paragraph 31 of the Amended Complaint.

5      32.   Carrington denies the allegations of Paragraph 32 of the Amended Complaint.

6      33.   Carrington denies the allegations of Paragraph 33 of the Amended Complaint.

7      34.   Carrington admits the allegations of Paragraph 34 of the Amended Complaint.

8      35.   Carrington denies the allegations of Paragraph 35 of the Amended Complaint.

9      36.   Carrington denies the allegations of Paragraph 36 of the Amended Complaint.

10     37.   Carrington is without sufficient knowledge to answer the allegations of paragraph 37

11  of the Amended Complaint, and on that basis denies them.

12     38.   Carrington denies the allegations of Paragraph 38 of the Amended Complaint.

13     39.   Carrington denies the allegations of Paragraph 39 of the Amended Complaint.

14     40.   Carrington is without sufficient knowledge to answer the allegations of paragraph 40

15  of the Amended Complaint, and on that basis denies them.

16     41.   Carrington is without sufficient knowledge to answer the allegations of paragraph 41

17  of the Amended Complaint, and on that basis denies them.

18     42.   Carrington denies the allegations of Paragraph 42 of the Amended Complaint.

19     43.   Carrington admits the allegations of Paragraph 43 of the Amended Complaint.

20     44.   Carrington denies the allegations of Paragraph 44 of the Amended Complaint.

21     45.   The allegations of paragraph 45 constitute a conclusion of law to which no response

22  is required.  To the extent a response is required, Carrington denies them.

23     46.   Carrington is without sufficient knowledge to answer the allegations of paragraph 46

24  of the Amended Complaint, and on that basis denies them.

25     47.   Carrington is without sufficient knowledge to answer the allegations of paragraph 47

26  of the Amended Complaint, and on that basis denies them.

27     48.   Carrington is without sufficient knowledge to answer the allegations of paragraph 48

28  of the Amended Complaint, and on that basis denies them.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2434050.1

49.     Carrington is without sufficient knowledge to answer the allegations of paragraph 49 of the Amended Complaint, and on that basis denies them.

50.     The allegations of paragraph 50 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

51.     Carrington denies the allegations of Paragraph 51 of the Amended Complaint.

52.     In Answering paragraph 52 of the Amended Complaint, Carrington admits only that the recorded documents speak for themselves.  Carrington denies the remainder of the allegations therein.

53.     Carrington denies the allegations of Paragraph 53 of the Amended Complaint.

## FIRST CAUSE OF ACTION

### Quiet Title/Declaratory Relief

### (NRS 40.010, NRS 30.010 AND NRS 116.3116, et seq.)

54.     Carrington repeats and realleges its responses to paragraphs 1 through 53 above, and incorporates them by reference as though fully stated herein.

55.     The allegations of paragraph 55 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

56.     The allegations of paragraph 56 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

57.     The allegations of paragraph 57 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

58.     The allegations of paragraph 58 constitute a conclusion of law to which no response is required.  To the extent a response is required, Carrington denies them.

59.     Carrington denies the allegations of Paragraph 59 of the Amended Complaint.

60.     Carrington denies the allegations of Paragraph 60 of the Amended Complaint.

61.     Carrington denies the allegations of Paragraph 61 of the Amended Complaint.

62.     Carrington denies the allegations of Paragraph 62 of the Amended Complaint.

63.     Carrington denies the allegations of Paragraph 63 of the Amended Complaint.

64.     Carrington denies the allegations of Paragraph 64 of the Amended Complaint.

2434050.1

65.   Carrington denies the allegations of Paragraph 65 of the Amended Complaint.

66.   Carrington denies the allegations of Paragraph 66 of the Amended Complaint.

67.   Carrington denies the allegations of Paragraph 67 of the Amended Complaint.

68.   Carrington denies the allegations of Paragraph 68 of the Amended Complaint.

69.   Carrington denies the allegations of Paragraph 69 of the Amended Complaint.

70.   Carrington denies the allegations of Paragraph 70 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

### Injunctive Relief

71.   Carrington repeats and realleges its responses to paragraphs 1 through 70 above, and incorporates them by reference as though fully stated herein.

72.   Carrington denies the allegations of Paragraph 72 of the Amended Complaint.

73.   Carrington denies the allegations of Paragraph 73 of the Amended Complaint.

74.   Carrington denies the allegations of Paragraph 74 of the Amended Complaint.

75.   Carrington denies the allegations of Paragraph 75 of the Amended Complaint.

76.   Carrington denies the allegations of Paragraph 76 of the Amended Complaint.

77.   Carrington denies the allegations of Paragraph 77 of the Amended Complaint.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Neither the Amended Complaint nor any cause of action in the Amended Complaint states facts sufficient to constitute a cause of action against Defendants.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (Priority)

To the extent the HOA's foreclosure sale was valid, Plaintiff took title of the Property subject to Carrington's first priority Deed of Trust, thereby forestalling any enjoinment/extinguishment of Carrington's interest in the Property.  This defense is alleged in the alternative and does not admit

2434050.1

any of the allegations contained in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Commercial Reasonableness and Violation of Good Faith – N.R.S. 116.3113)

The HOA lien foreclosure sale by which Plaintiff took its alleged interest was commercially unreasonable if it eliminated Carrington's Deed of Trust, as Plaintiff contends.  The sale price, when compared to the outstanding balance of Carrington's Note and Deed of Trust and the fair market value of the Property, demonstrates that the sale was not conducted in good faith as a matter of law. The circumstances of sale of the property violated the HOA's obligation of good faith under N.R.S. 116.3113 and duty to act in a commercially reasonable manner.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and failure to do equity.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Acceptance)

Any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the Loan and would not constitute a waiver of its rights under the Loan and Deed of Trust, or statute.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

By reason of Plaintiff's acts and omissions, Plaintiff has waived its rights and is estoped from asserting the claims against Defendants.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

2434050.1

1

2

### SEVENTH AFFIRMATIVE DEFENSE

**(Due Process Violations)**

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

**(Satisfaction of Super-Priority Lien)**

The claimed super-priority lien was satisfied prior to the homeowner's association foreclosure under the doctrines of accord and satisfaction, tender, estoppel, laches, or waiver.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

**(Statute of Limitation)**

The Amended Complaint and each cause of action contained therein are barred by the applicable statutes of limitation and/or repose. This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Granting Plaintiff's demand in the Amended Complaint would result in the Plaintiff receiving more than it is entitled to receive. This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Void for Vagueness)**

To the extent that Plaintiff's interpretation of NRS 116.3116 is accurate, the statue and Chapter 116 as a whole are void for vagueness as applied to this matter.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

2434050.1

### TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff, at all material times, calculated, knew, and understood the risks inherent in the situations, actions, omissions, and transactions upon which it now bases its various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to comply with NRS 116.31162 – NRS 116.31168)

AS A FURTHER SEPARATE DEFENSE, Carrington states, upon information and belief, that the HOA's sale did not comply with provisions of NRS 116.31162 – NRS 116.31168 or NRS 107.090 and is therefore void and without effect. This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (NRS Ch. 116 unconstitutional)

AS A FURTHER SEPARATE DEFENSE, NRS Ch. 116. is unconstitutional, both on its face and applied, under the constitution of the State of Nevada and/or the United States of America. This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of right to assert additional affirmative defenses)

Pursuant to Rule 9 of the *Nevada Rules of Civil Procedure*, as amended, because the complaint herein is couched in conclusory terms, and because after a reasonable inquiry sufficient facts were not available upon the filing of the within Answer, Defendants cannot fully anticipate all affirmative defenses that may be applicable to the within Action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved. This defense is alleged in the alternative and does not admit any of the allegations contained in the Amended Complaint.

2434050.1

WHEREFORE, Carrington prays for judgment as follows:

1.      That Plaintiff takes nothing by way of this complaint;

2.      That Carrington has judgment entered in its favor;

3.      For costs of suit and a reasonable attorney's fee;

4.      For all special defenses; and

5.      For all other relief that the court may find just and proper in the premises.

DATED:  May 23, 2016                     WOLFE & WYMAN LLP

                                         By:*/s/ Colt B. Dodrill*
                                              COLT B. DODRILL, ESQ.
                                              Nevada Bar No. 9000
                                              RICHARD G. VERLANDER, ESQ.
                                              Nevada Bar No. 12887
                                              6757 Spencer Street
                                              Las Vegas, NV 89119
                                              *Attorneys for Plaintiff/Counter-Defendant*
                                              *PNC BANK, NA*

                                              *Attorneys for Defendant,*
                                              *CARRINGTON MORTGAGE SERVICES, LLC*

2434050.1

**<u>CERTIFICATE OF SERVICE</u>**

On May 23, 2016, I served the **DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S ANSWER TO PLAINTIFF AUGUSTA INVESTMENT MANAGEMENT, LLC'S AMENDED COMPLAINT** by the following means to the persons as listed below:

    X        a.    ECF System (you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):

Stephanie Cooper-Herdman  stephanie@johnaldrichlawfirm.com

John P. Aldrich   eleanor@johnaldrichlawfirm.com, traci@johnaldrichlawfirm.com, sorme@johnaldrichlawfirm.com, jaldrich@johnaldrichlawfirm.com

   _____    b.    United States Mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary):


                                   /s/ *Lucille Chiusano*
                    By:    _____
                                   Lucille Chiusano
                                   An employee of Wolfe & Wyman LLP

2434050.1