John P. Aldrich, Esq.
Nevada Bar No. 6877
Stephanie Cooper, Esq.
Nevada Bar No. 5919
**ALDRICH LAW FIRM, LTD.**
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
Tel (702) 853-5490
Fax (702) 227-1975
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC, | Case No.: 2:15-cv-00125-GMN-NJK |
| Plaintiff, | **MOTION TO AMEND FIRST AMENDED COMPLAINT AND MOTION FOR REMAND BASED ON LACK OF JURISDICTION** |
| vs. | |
| SECRETARY OF HOUSING AND URBAN DEVELOPMENT, a federal government agency; CARRINGTON MORTGAGE SERVICES, LLC; SABLES LLC, DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiff AUGUSTA INVESTMENT MANAGEMENT, LLC ("Plaintiff"), by and through its attorneys of record, John P. Aldrich, Esq. and Stephanie Cooper, Esq. of the Aldrich Law Firm, Ltd., and hereby files this Motion to Amend the First Amended Complaint and Motion for Remand Based on Lack of Jurisdiction.

As explained in more detail in the attached Memorandum in Support of Plaintiff's Motion, this amendment is necessary in order to permit Plaintiff to obtain complete relief on the declaratory relief action for quiet title in the subject real property.

/ / /

/ / /

/ / /

# I.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiff purchased the real property commonly known as 9164 Conquest Court, Las Vegas, Nevada 89149 at an HOA foreclosure sale on November 6, 2014. Thereafter, Plaintiff filed a quiet title action in the Eighth Judicial District Court of Clark County, Nevada on December 15, 2014 against Bank of America (a former deed of trust holder), Dominic Grunstad and Kyle Kuriatnyk (the former homeowners). On January 22, 2015 [Dkt. 1], Bank of America filed a Petition for Removal under 28 U.S.C. § 1332 (stating that the former homeowners could be ignored because they made no claim) and 28 U.S.C. § 1331 (stating that the issue arose under Federal Law based on a federally insured loan).

Plaintiff filed a Motion for Remand [Dkt. 7] arguing that the former homeowners were necessarily joined, thus the court lacked jurisdiction under 28 U.S.C. § 1332 because complete diversity did not exist. Plaintiff also argued that the court lacked jurisdiction under 28 U.S.C § 1331 because the loan was not owned by HUD.

The Court denied the remand [Dkt. 18] stating that the former homeowners were fraudulently joined and thus diversity jurisdiction existed under 28 U.S.C. § 1332. In finding fraudulent joinder, the Court cited the district court decision in *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-cv-544-JCM-VCF, 2013 WL 2296313, at 2-3 (D. Nev. May 24, 2013).

After remand was denied, Plaintiff moved for an order to serve the former homeowner, Dominic Grunstad, via publication [Dkt. 23]. The Magistrate denied the motion and stated:

> "Specifically, Chief Judge Navarro held that because Plaintiff's foreclosure pursuant to NRS § 116 extinguished any rights and interests Defendants Grunstad and Kuriatnyk may have had in the Property, and Defendants Grunstad and Kuriatnyk are not asserting any adverse interest to the Property, <u>Plaintiff has no claim for quiet title against them</u> *Id.*, at 3-4 (emphasis added). Accordingly, Plaintiff's motion for leave to serve by publication (Docket No. 23) is hereby DENIED without prejudice."

On April 2, 2015m Defendant Carrington Mortgage filed a motion to dismiss Plaintiff's Complaint arguing that HUD had an interest in the property [Dkt. 15]. The Court granted the motion on March 10, 2016, finding that Carrington Mortgage was the holder of a HUD loan, and the United

States had an interest in the property.  Although the Court granted the dismissal, Plaintiff was allowed to amend the Complaint to add HUD [Dkt. 34].

Plaintiff's Amended Complaint named Carrington Mortgage and HUD, however, based on the Order Denying Remand [Dkt. 18], the former homeowners were omitted in the Amended Complaint [Dkt. 35].

HUD was served with the Amended Complaint, and on April 20, 2016, HUD filed a disclaimer of interest [Dkt. 41].  Carrington Mortgage filed an answer and the case has been in discovery since that time.

## II.

## POINTS AND AUTHORITIES

### A.     PLAINTIFF SHOULD BE PERMITTED TO AMEND COMPLAINT TO ADD THE FORMER HOMEOWNERS BACK INTO THE ACTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or by leave of the Court.  The Court should freely give leave when justice so requires.  The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but as the Courts have aptly recognized, this discretion is strictly circumscribed by the proviso that leave [should] be freely given when justice so requires.  Therefore, a justifying reason must be apparent for denial of a motion to amend.

Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  The Ninth Circuit has made clear that "[i]n exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities,'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Here, Plaintiff initially named the former homeowners, Dominic Grunstad and Kyle Kuriatnyk, in the State Court Complaint.  Only after the Order holding that they were fraudulently joined did Plaintiff amend the Complaint [Dkt. 40] and omit the former homeowners.  Both the Order Denying Remand [Dkt. 18] and the Order Denying Service by Publication [Dkt. 23] were

premised on the same legal theory which was recently reversed in *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110 (2016).

In *Weeping Hollow*, *supra.*, the Ninth Circuit overturned the Nevada federal district court's application of the "fraudulent joinder" doctrine which was relied on by this Court in denying Plaintiff's motion for remand. The Ninth Circuit held that a former homeowner is properly joined in quiet title/HOA cases because he/she had an interest in the real estate. In *Weeping Hollow Avenue Trust v. Spencer*, 13-16060 (9th Circuit), the court found that the "joined" party had a viable claim in the matter.

Specifically, Weeping Hollow Avenue Trust purchased Ashley Spencer's house through an HOA foreclosure sale. Two months after the foreclosure sale, Wells Fargo Bank filed a foreclosure action on the property under its deed of trust with Spencer. Weeping Hollow filed a quiet title action in Nevada state court, and Wells Fargo removed the case to federal court based on diversity jurisdiction. Weeping Hollow and Spencer were both citizens of Nevada. The district court concluded it could nonetheless exercise diversity jurisdiction because Weeping Hollow had fraudulently joined Spencer as a defendant where the court determined Spencer no longer had an interest in the property.

In this case, as in *Weeping Hollow*, Plaintiff needs to show it has superior claim to all others. As the Ninth Circuit concluded it was reasonable for Weeping Hollow to join Spencer as a defendant. Therefore, Plaintiff asks that the Court permit the amendment of the Complaint to again name the former homeowners, Dominic Grunstad and Kyle Kuriatnyk as defendants in the case. A copy of the proposed Second Amended Complaint is attached hereto as **Exhibit 1**.

**B.      THE CASE SHOULD BE REMANDED BACK TO STATE COURT**

As explained above, the decision to deny the remand was based on fraudulent joinder of the former homeowners, and the motion to amend to bring the prior homeowners back into the case as mandated in *Weeping Hollow,* should be granted. In so doing, complete diversity does not exist under 28 U.S.C. § 1332 and the case must be remanded to State Court.

1    Carrington had asserted an additional ground for jurisdiction under 28 U.S.C. § 1331 based

2   on HUD's interest in the property.  However, HUD has filed a notice of no interest in the loan or

3   property [Dkt. 41].  Therefore, Carrington's jurisdictional basis under 28 U.S.C. § 1331 is lacks

4   merit and the case must be remanded to State Court.

5    Based on the foregoing, Plaintiff requests that the Court grant the motion to amend and allow

6   Plaintiff to file the Second Amended Complaint to add the prior homeowners back into the action.

7   Further, Plaintiff seeks remand of the matter as complete diversity is lacking and there is no federal

8   question before the Court.

9    DATED this 18th day of October, 2016.

10   **ALDRICH LAW FIRM, LTD.**

11   /s/ Stephanie Cooper
      John P. Aldrich, Esq.
12   Nevada Bar No. 6877
      Stephanie Cooper, Esq.
13   Nevada Bar No. 5919
      1601 S. Rainbow Blvd., Suite 160
14   Las Vegas, Nevada 89146
      Tel (702) 853-5490
15   Fax (702) 227-1975
      *Attorney for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

John P. Aldrich, Esq.
Nevada Bar No. 6877
Stephanie Cooper, Esq.
Nevada Bar No. 5919
**ALDRICH LAW FIRM, LTD.**
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
Tel (702) 853-5490
Fax (702) 227-1975
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC, | Case No.: 2:15-cv-00125-GMN-NJK |
| Plaintiff, | **[PROPOSED]**<br>**SECOND AMENDED COMPLAINT** |
| vs. | |
| DOMINIC GRUNSTAD; KYLE KURIATNYK; CARRINGTON MORTGAGE SERVICES, LLC;  DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiff AUGUSTA INVESTMENT MANAGEMENT, LLC ("Plaintiff"), by and through its attorneys of record, John P. Aldrich, Esq. and Stephanie Cooper, Esq. of the Aldrich Law Firm, Ltd., and hereby files this Amended Complaint against Defendants CARRINGTON MORTGAGE SERVICES, LLC ("Carrington"); KYLE KURIATNYK; DOMINIC GRUNSTAD; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive as follows:

### JURISDICTION

1.      Plaintiff is a limited liability organized and doing business under the laws of the State of Nevada whose member is a Nevada corporation, NWC Funding Group, Inc.

2.      Defendants Kyle Kuriatnyk and Dominic Grunstad are the former homeowners of the subject property of this litigation and based on information and belief are citizens of the State of

Nevada.

3.      Carrington Mortgage Services is a California corporation.

**PARTIES**

4.      Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

5.      At all times relevant to this matter, Plaintiff was and is a Nevada limited liability company, and present record owner of the Property as of a deed recorded after an HOA Foreclosure Sale on or about November 6, 2014.

6.      Upon information and belief, Defendant Carrington is an entity, which took assignment of a Deed of Trust originated on April 4, 2008 by Taylor, Bean and Whitaker associated with real property located at 9164 Conquest Court, Las Vegas, NV 89149 (the "Property"). The assignment was recorded with the Clark County Recorder's Office on January 29, 2014.

7.      Upon information and belief, Defendants Kuriatnyk and Grunstad were the former homeowners of the subject property located at 9164 Conquest Court, Las Vegas, Nevada.

8.      The true names and capacities, whether individual corporate, associate or otherwise of Defendants DOES 1 through 20, inclusive, and ROE CORPORATIONS 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes, and upon such, alleges that each of the Defendants designated as DOES or ROE CORPORATIONS assert an interest in the Property adverse to Plaintiff. Said DOES and ROE CORPORATIONS are parties unknown to Plaintiff, who claim an ownership interest, security interest or lienhold interest in the Property. Plaintiff asks leave of this Court to amend this Complaint to insert the true names and capacities of said DOES 1 through 20, inclusive, and ROE CORPORATIONS 1 through 20, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join these Defendants in this action.

**GENERAL ALLEGATIONS**

9.      Plaintiff repeats and realleges every allegation contained in the above Paragraphs of

the Amended Complaint as if fully set forth herein.

10.     This is a quiet title lawsuit involves real property situated in Clark County, Nevada located at 9164 Conquest Court, Las Vegas, NV 89149, and identified by the Clark County Assessor as APN: 125-17-310-077 (the "Property"). The Property consists of real property and a single family home.

11.     The Property is subject to certain Covenants, Conditions and Restrictions ("CC&Rs") for the development known as Astoria at Town Center. Plaintiff believes and therefore alleges that the CC&Rs were recorded in the Official Records of the Clark County Recorder in 2004.

12.     The Property is also subject to rules and regulations of the Tapestry at Town Center Homeowners Association (the "HOA").

13.     Plaintiff is informed and believes that the former homeowners, Defendants Kuriatnyk and Grunstad, acquired the Property on or about February 8, 2008. Upon their acquisition of the Property in 2008, Defendants Kuriatnyk and Grunstad became members of the HOA and accordingly, had an obligation to pay HOA assessments.

14.     Plaintiff believes and therefore alleges that in 2008, Defendants Kuriatnyk and Grunstad obtained a loan for the purchase of the Property from Taylor, Bean & Whitaker Mortgage Corp. ("TB&W"). Plaintiff is informed and believes and therefore alleges that a deed of trust was recorded on April 4, 2008, in the Official Records of the Clark County Recorder (the "First Deed of Trust").

15.     Plaintiff believes that TB&W subsequently transferred its interest in the First Deed of Trust to Bank of America, N.A., Successor by Merger to Bac Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Bank of America"). An Assignment of First Deed of Trust from TB&W to Bank of America was recorded on October 17, 2011. An assignment from Bank of America to Defendant Carrington was recorded on January 29, 2015, after the HOA Foreclosure Sale.

16.     Plaintiff believes and therefore alleges that prior to the HOA sale, Defendants Kuriatnyk and Grunstad failed to pay monthly HOA assessments required by the CC&Rs and the HOA rules and regulations in connections with the budgets adopted by the HOA.

17.     The HOA had a statutory lien for assessments levied against the Property (the "HOA Lien").

18.     The HOA Lien was junior and subordinate to real estate taxes or other governmental assessments.

19.     The HOA Lien was senior to and had priority over and all liens and encumbrances junior to the First Deed of Trust.

20.     A portion of the HOA Lien was senior to and had super priority over the First Deed of Trust.

21.     Plaintiff is informed and believes that the HOA took action to foreclose on the HOA Lien.  On or about March 1, 2013, the HOA's agent, Assessment Management Services, recorded a Notice of Claim of Amended Delinquent Assessment Lien for the Property in the Official Records of the County Recorder, and mailed a copy of the same to Defendants Kuriatnyk and Grunstad.

22.     Plaintiff is informed and believes that on or about April 15, 2014, the HOA caused its agent, Assessment Management Services, to record a Notice of Default and Election to Sell Under Homeowners Association Lien, which put Defendants Kuriatnyk and Grunstad and all interested parties on notice that the HOA assessments had not been paid for the past thirteen (13) months and failure to cure the delinquency would result in the sale of the Property to satisfy the HOA Assessment Lien.  Plaintiff believes and therefore alleges that Assessment Management Services, in compliance with NRS 116.3116, et seq. served a copy of the same upon those statutorily entitled to notice.

23.     The delinquent HOA Assessment Lien was not paid.

24.     A Notice of Foreclosure Sale was recorded in the Official Records of the Clark County Recorder on October 15, 2014.  Plaintiff is informed and believes that said Notice of Foreclosure Sale scheduled the Foreclosure Sale for November 6, 2014, and afforded notice that the

Property would be sold at public auction to the highest cash bidder in satisfaction of the HOA Lien (including without limitation the super priority portion of the HOA Lien). Plaintiff believes and therefore alleges that Assessment Management Services published, posted and served a copy of the Notice of Foreclosure Sale upon Defendants Kuriatnyk and Grunstad and record holders of recorded security interests.

25.   Plaintiff believes and therefore alleges that Bank of America had actual notice that HOA Assessments for the Property were delinquent.

26.   Plaintiff believes and therefore alleges that Bank of America had actual notice of the foreclosure proceedings and the HOA Foreclosure Sale.

27.   The HOA Foreclosure Sale took place on November 6, 2014. Prior to the HOA Foreclosure Sale, neither the HOA nor its agents received payment for the HOA Lien or any portion thereof.

28.   As a result, the Property was sold at public auction to the highest cash bidder on November 6, 2014.

29.   Plaintiff was the highest cash bidder at the HOA Foreclosure Sale.

30.   A foreclosure deed was subsequently executed and delivered to Plaintiff, providing recitals that Assessment Management Services complied with all requirements of law applicable to mailing copies of the notices and posting/publishing the notice of HOA Lien Foreclosure Sale ("Foreclosure Deed"). The Foreclosure Deed was recorded against the property on November 18, 2014.

31.   Plaintiff acquired the Property free and clear of any interests of Defendants Kuriatnyk and Grunstad, any DOES and ROE CORPORATIONS, claiming an ownership interest in the Property.

32.   Plaintiff acquired the Property free and clear of any interests claimed by Bank of America, Defendant Carrington, Defendant HUD, or any trustee (including the Foreclosure Trustee) or beneficiary or other DOES or ROE CORPORATIONS, claiming an interest under the First Deed of Trust.

Page 5 of 11

33.     Plaintiff acquired the Property free and clear of any interests claimed by DOES and ROE CORPORATIONS, claiming an interest under a lien subordinate to the First Deed of Trust.

34.     Upon information and belief, prior to the HOA Foreclosure Sale, Defendant Carrington, or its predecessors, had not assigned the First Deed of Trust to HUD, the Federal National Mortgage Association ("FNMA"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), any organization under conservatorship of the Federal Home Finance Agency ("FHFA") or Federal Deposit Insurance Company ("FDIC") or any governmental agency or instrumentality.

35.     Upon information and belief, at the time of the HOA Foreclosure Sale, neither the United States nor any of its agencies or instrumentalities possessed or had an absolute vested future interest in the First Deed of Trust or the Property.

36.     Defendant Carrington, nor its predecessors, have not made a claim to Defendant HUD for any losses associated with the Property at issue in this action.

37.     Defendant HUD has not paid any claim for any losses associated with the HOA Foreclosure Sale at issue in this action.

38.     At the time of the HOA Foreclosure Sale, Defendant Carrington was not the beneficiary of record for the First Deed of Trust for the Property.

39.     Defendant Carrington's, and its predecessors', interest in the Property were extinguished by the HOA Foreclosure Sale.

40.     At no time relevant to this action has Defendant HUD possessed an interest in the Property.

41.     Defendant HUD's interest in the Property, if any, is a contractual liability and not a real property interest.

42.     Defendant HUD is not contractually obligated to pay a claim to Defendant Carrington, or its predecessors, because Defendant Carrington, or its predecessors, failed to properly service the mortgage (Deed of Trust) by failing to pay HOA assessments which resulted in the HOA Foreclosure Sale of the Property under state law.

43.     Defendant Carrington, or its predecessors, have never conveyed the Property to Defendant HUD.

44.     Without the ability to convey a secured interest, Defendant Carrington may not make a claim for insurance to Defendant HUD on the Property.

45.     Defendant HUD is discharged from its obligation to Defendant Carrington, or its predecessors, under 24 CFR 203 et seq. including, but not limited to 24 CFR 204.315, which states in pertinent part that the contract of insurance is terminated when "the property is bid in and acquired at a foreclosure sale by a party other than the mortgagee".

46.     Defendant HUD has not provided to Defendant Carrington, or its predecessors, approval in writing that Defendant Carrington, or its predecessors, may convey the Property to Defendant HUD.

47.     At no time relevant to this action has Defendant HUD accepted a conveyance of the Property.

48.     At no time relevant to this action, has Defendant HUD paid insurance benefits pursuant to 12 U.S.C. 1710 for the Property.

49.     At no time relevant to this action has the Property been assigned to Defendant HUD.

50.     At no time relevant to this action has Defendant HUD suffered a loss as a result of the HOA Foreclosure Sale of The Property.

51.     Plaintiff is informed and believes that Bank of America or its predecessors, TB&W, commenced foreclosure under the First Deed of Trust after the HOA Foreclosure Sale.

52.     On August 25, 2015, a Foreclosure Trustee, Sables recorded (or caused the recordation of) a Notice of Default under the First Deed of Trust in the Official Records of the Clark County Recorder. Plaintiff acquired a stipulation for a preliminary injunction on September 30, 2015 and filed a bond. Despite the preliminary injunction order of October 14, 2015, Sables on behalf of Defendant Carrington filed a Certificate of Foreclosure Mediation on December 10, 2015.

53.     As a result of the adverse interests, it has become necessary for Plaintiff to retain legal counsel to protect its interest in the Property and this Court to determine the respective interests of the parties.

**FIRST CAUSE OF ACTION**
**QUIET TITLE/DECLARATORY RELIEF**
**(NRS 40.010, NRS 30.010 and NRS 116.3116, et seq.)**

54.     Plaintiff repeats and realleges every allegation contained in the above Paragraphs of the Amended Complaint as if fully set forth herein.

55.     This Court has the power and authority to declare Plaintiff's rights and interests in the Property and the power and authority to resolve all adverse claims in the Property.

56.     This Court has the power and authority to enjoin the Foreclosure Trustee, Defendant Carrington, and their agents from clouding Plaintiff's title by the recording of notices and the holding of a trustee's sale.

57.     The Property is, and was at all times relevant hereto, subject to the CC&Rs and rules and regulations of the HOA.

58.     NRS 116 regarding foreclosures of delinquent homeowner's association assessments, priority of lienholders was adopted prior to the acquisition of any interest in the real property which is a party to this lawsuit.  The CC&Rs were recorded prior to Defendants Kuriatnyk and Grunstad's acquisition of the Property and prior to Defendant Carrington and Defendant HUD's interest, if any.

59.     Plaintiff is entitled to a declaratory judgment finding that the HOA had a valid lien against the Property (defined herein as the HOA Lien).

60.     Plaintiff is entitled to a declaratory judgment finding that the HOA had the right to foreclose on the HOA Lien if Defendants Kuriatnyk and Grunstad failed to pay monthly assessments and failed to cure the default following recordation and mailing (and where applicable posting, and publishing) of a Notice of Delinquent Assessment, Notice of Default and Election to Sell, and Notice of Sale.

Page 8 of 11

61.     Plaintiff is entitled to a declaratory judgment finding that the HOA Lien had priority over all liens recorded against the Property after recordation of the CC&Rs, except for liens associated with real estate taxes or other governmental assessments (if any).

62.     Plaintiff is entitled to a declaratory judgment finding that a portion of the HOA Lien had priority over the First Deed of Trust.

63.     Plaintiff is entitled to a declaratory judgment finding that foreclosure of the super priority portion of the HOA Lien extinguished the First Deed of Trust.

64.     Plaintiff is entitled to a declaratory judgment finding that the HOA Lien had priority over all liens of DOES and ROE CORPORATIONS junior to the First Deed of Trust.  Plaintiff is entitled to a declaratory judgment finding that foreclosure of the HOA Lien extinguished these liens.

65.     Plaintiff is entitled to a declaratory judgment finding that they acquired the Property at the HOA Foreclosure Sale on November 6, 2014.

66.     Plaintiff is entitled to a declaratory judgment finding that the Foreclosure Deed recorded in favor of Plaintiff, providing recitals by Assessment Management Services, complied with all noticing requirements for the HOA Foreclosure Sale.

67.     Plaintiff is entitled to a declaratory judgment finding that the foreclosure of the HOA Lien divested Defendants Kuriatnyk and Grunstad, and DOES 1 through 20 of their ownership interest.

68.     Plaintiff is entitled to a declaratory judgment finding that Plaintiff acquired the Property free and clear of any rights and interests of said Defendants.

69.     Therefore, if Defendant HUD does not disclaim its interest in the Property, Plaintiff is entitled to a declaratory judgment finding that Defendant HUD does not have an interest in the Property and that the title be quieted in the name of Plaintiff.

70.     Plaintiff has been required to hire counsel in order to prosecute these claims.

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF

71.     Plaintiff repeats and realleges every allegation contained in the above Paragraphs of

the Amended Complaint as if fully set forth herein.

72.     That there is a substantial likelihood of success on the merits of the case by Plaintiff.

73.     That Plaintiff faces a substantial threat of irreparable damage or injury if the injunction is not granted.

74.     The threat is immediate or imminent based on the recording of the Notice of Default and subsequent recording of a foreclosure mediation certificate,

75.     That the balance of harms weighs in favor of the party seeking the preliminary injunction.

76.     There is no other available remedy which would prevent the harm to Plaintiff and maintain the status quo.

77.     Plaintiff is entitled to the entry of a permanent injunction enjoining Defendant Carrington, and their successors, agents and assigns from conducting the trustee's sale under the extinguished First Deed of Trust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For a Judgment declaring that the HOA Lien was valid and enforceable.

2.     For a Judgment declaring that the HOA had the right to foreclosure on the HOA Lien.

3.     For a Judgment declaring that the HOA Lien was junior and subordinate to real estate taxes or other governmental assessments.

4.     For a Judgment declaring that the HOA Lien had priority over all liens junior to the First Deed of Trust recorded in favor of DOES 1 through 20 or ROE CORPORATIONS 1 through 20.

5.     For a Judgment declaring that a portion of the HOA Lien had priority over the First Deed of Trust and thereby extinguished the same.

6.     For a Judgment declaring that foreclosure of the super priority portion of the HOA Lien extinguished the First Deed of Trust, and foreclosure of the HOA Lien extinguished and liens

of DOES 1 through 20 or ROE CORPORATIONS 1 through 20 subordinate to the First Deed of Trust.

7.      For a Judgment declaring that foreclosure of the HOA Lien divested Defendants Kuriatnyk and Grunstad of their ownership interest in the Property as well as all unknown parties named herein as DOES 1 through 20 and ROE CORPORATIONS 1 through 20.

8.      For a Judgment declaring that Plaintiff acquired the Property at the Foreclosure Sale free and clear of any interest by Defendant HUD.

9.      For a Judgment entering an injunction against Defendants Carrington, Sables, their Foreclosure Trustee, their predecessors, agents and representatives, enjoining the trustee's sale and preventing foreclosure under the First Deed of Trust.

10.     For a Declaratory Judgment, quieting title to the Property in favor of Plaintiff and against Defendants finding that Plaintiff is the owner of the Property free and clear of each Defendants' rights and interests in the Property.

11.     For a Permanent Injunction enjoining Defendants Carrington and Sables, the Foreclosure Trustee, and their predecessors, agents and assigns from conducting the trustee's sale under the extinguished First Deed of Trust.

12.     For reasonable attorneys' fees and costs incurred in bringing this action.

13.     For such other and further relief as this Court deems just and proper.

Dated this _____ day of October, 2016.

**ALDRICH LAW FIRM, LTD.**


_____
John P. Aldrich, Esq.
Nevada Bar No. 6877
Stephanie Cooper, Esq.
Nevada Bar No. 5919
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
Tel (702) 853-5490
Fax (702) 227-1975
*Attorney for Plaintiff*