UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUGUSTA INVESTMENT MANAGEMENT, LLC, ) ) ) | |
| Plaintiff, ) | Case No.: 2:15-cv-00125-GMN-NJK |
| vs. ) ) | ORDER |
| DOMONIC GRUNSTAD, et al., ) ) | |
| Defendants. ) ) | |

Pending before the Court is the renewed Motion to Remand, (ECF No. 50), filed by Plaintiff Augusta Investment Management, LLC ("Plaintiff") on October 18, 2016.[1] No defendant filed a response, and the deadline to do so has passed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

I.   BACKGROUND

This action involves a dispute over property that was subject to a homeowners' association "super-priority" lien for delinquent assessment fees. On January 22, 2015, former Defendant BOA removed the case to this Court. (*See* Pet. for Removal, ECF No. 1). Shortly thereafter, Plaintiff filed its original Motion to Remand, (ECF No. 7), which the Court denied, (ECF No. 18). In the instant Motion, Plaintiff renews its request to remand this case to state court. (*See* Mot. to Remand 4:24–5:4, ECF No. 50).

---

[1] Plaintiff originally filed a combined Motion to Remand and Motion to File a Second Amended Complaint. (ECF No. 50). The Clerk's Office issued a Notice of Non-Compliance with Local Rule IC 2-2 for failure to file these motions separately and advised Plaintiff's counsel to file the Motion to Remand separately under the correct event. (ECF No. 51). In response, Plaintiff incorrectly filed an additional Motion to File a Second Amended Complaint instead of a motion to remand. (ECF No. 52). Despite this error, the Court will construe the original motion filed under the "Motion to Amend Complaint" event as the Motion to Remand, (ECF No. 50), and the second motion as the Motion to File a Second Amended Complaint, (ECF No. 52).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have subject matter jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III. DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. R. 7-2(d). Given the defendants' failure to file an opposition, the Court grants the Motion to Remand pursuant to Local Rule 7-2(d). Accordingly, Plaintiff's pending Motion to File a Second Amended Complaint, (ECF No. 52), will be denied as moot.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 50), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Second Amended Complaint, (ECF No. 52), is **DENIED as moot**.

**DATED** this  27  day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge